IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL NUMBER H-19-060 |
| ARTURO ALVARADO MARTINEZ, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Arturo Alvarado Martinez has filed a Motion to Dismiss the Indictment ("Defendant's Motion") (Docket Entry No. 15), to which the United States has filed its Response to Defendant's Motion to Dismiss Indictment (Docket Entry No. 16).

On December 16, 1997, defendant was served with a Notice to Appear ("NTA") before an immigration judge for a removal hearing. The NTA stated that the hearing would be held on a date "To Be Set" at a time "To Be Set."[1] Also, on December 16, 1997, defendant signed a Request for Prompt Hearing, stating:

> To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.[2]

---

[1] NTA, Exhibit 1 to Defendant's Motion, Docket Entry No. 15-2, p. 2.

[2] Id. at 3.

At a hearing held on December 18, 1997, the defendant admitted to the allegations and was ordered removed from the United States.³ On December 19, 1997, the defendant was deported to Mexico.⁴

Subsequently, the defendant reentered the United States. On each occasion he was arrested and removed after the 1997 removal order was reinstated.

Defendant was indicted in this action for illegal reentry after being convicted of a felony in violation of 8 U.S.C. §§ 1326(a) and (b)(1) (Docket Entry No. 1). In his Motion the defendant argues that as a result of the United States Supreme Court's recent decision in <u>Pereira v. Sessions</u>, 138 S. Ct. 2105, 2110-14 (2018), the immigration judge lacked subject matter jurisdiction, rendering the 1997 removal order and all subsequent removals based on that order void. Defendant also argues that the underlying removal order "violated due process and violated 8 U.S.C. § 1326(d)" (Defendant's Motion, Docket Entry No. 15, p. 2).

There is no authority by the United States Court of Appeals that directly addresses the effect of <u>Pereira</u> on indictments under 8 U.S.C. § 1326. District courts have reached differing conclusions. Having carefully considered these opinions the court

---

³United States Exhibits 3 and 4, Docket Entry No. 17, pp. 6-9.

⁴United States Exhibit 5, Docket Entry No. 17, p. 13.

concludes that the December 14, 2018, Memorandum and Order entered by Judge Diana Saldaña in <u>United States of America v. Guillermo Malagamba-De Leon</u>, Criminal Action No. 5:18-00691, correctly analyzes and resolves these issues raised by Defendant's Motion. As Judge Saldaña explained,

> . . . even assuming without deciding that Defendant's jurisdictional arguments are correct, he is still not entitled to the relief he seeks. A jurisdictionally defective removal order may still serve as the basis for a Section 1326 prosecution, and a Section 1326 defendant who seeks to challenge his underlying removal order on jurisdictional grounds must still satisfy all three requirements of Section 1326(d).

Memorandum and Order in 5:18-00691, Docket Entry No. 27, p. 17.

8 U.S.C. § 2326(d) provides:

> (d) Limitation on collateral attack on underlying deportation order
>
> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—
>
> > (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> >
> > (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> >
> > (3) the entry of the order was fundamentally unfair.

If a defendant fails to satisfy any of these elements, the court need not consider the other elements. <u>See United States v. Mendoza-Mata</u>, 322 F.3d 829, 832 (5th Cir. 2003).

-3-

A removal order of an immigration judge may be appealed to the Board of Immigration Appeals ("BIA"). See 8 C.F.R. § 1003.3. Defendant has not exhausted his administrative remedies by seeking relief from the BIA. Defendant argues that he is not required to exhaust his administrative remedies because the immigration proceeding was void under Pereira. But a court's exercise of apparent jurisdiction, even if erroneous, is not subject to collateral attack if the party seeking to challenge the order had the prior opportunity to challenge jurisdiction and failed to do so.[5] See, e.g., Royal Insurance Company of America v. Quinn-L Capital Corporation, 960 F. 2d 1286, 1293 (5th Cir. 1992); United States v. Hansard, 2007 WL 2141950, *1 (5th Cir. 2007). Therefore, even assuming arguendo that the immigration judge lacked jurisdiction, defendant was required to exhaust his administrative remedies in order to challenge the underlying removal order. It is undisputed that he failed to do so.

Defendant has also failed to show that the 1997 removal proceeding improperly deprived him of the opportunity for judicial review. Defendant admitted that he had no right to be present in the United States and requested that he be removed to Mexico. Defendant's decision not to appeal the removal order precludes him

---

[5] Even assuming that the failure to include the date and time of the removal proceeding in the NTA deprived the immigration judge of subject matter jurisdiction, the immigration judge in this case would have reasonably believed that jurisdiction existed.

from satisfying the second requirement for a collateral challenge under § 1326(d).

Nor has defendant demonstrated that entry of the removal order was prejudicial or otherwise unfair. Entry of a removal order may be fundamentally unfair or prejudicial to the defendant if there is a "reasonable likelihood that but for the errors complained of the defendant would not have been" removed. See Mendoza-Mata, 322 F.3d at 832 (citation omitted). Defendant admitted that he was not lawfully present in the United States and requested an expedited hearing. There is nothing in the record to indicate that if the NTA had included the date and time for the removal proceeding, the proceeding would not have resulted in defendant's removal.

Because defendant has failed to establish any of the three § 1326(d) requirements to challenge collaterally his prior removal order, Defendant's Motion to Dismiss the Indictment (Docket Entry No. 15) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 6th day of May, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE